JORDAN, Circuit Judge,
concurring.
I join Parts I, III, and IV of the court’s opinion, and concur in the judgment with respect to Part II.
As to Part II, I agree with the court that, on this record and under our precedent, Mr. Presendieu has not established plain error resulting from the district court’s failure to explain the elements of the bank fraud and aggravated identity *1251 theft offenses at the change of plea hearing. But in my view, there, is seldom a good reason for a district court to fail to set out the elements of an offense during a Rule 11 plea colloquy.
For a long time, guilty pleas' have dwarfed trials in the federal criminal system. In Fiscal Year 2016, which ended in September of 2016, there were 67,742 criminal cases in the federal courts of the United States, and a whopping 97.8% of the defendants in those cases chose to plead guilty instead of exercising their right to trial. See United States Sentencing Commission, Overview of Federal Criminal Cases: Fiscal Year 2016, at 1, 5 (May 2017), So, although a Rule 11 -colloquy— which substitutes for trial in so many cases—may not be the most exciting task that district courts are charged with, it is undoubtedly one of the most important.
To those of us in the legal profession (and particularly those who have worked in the field of criminal law), characterizing an offense as “simple” or “complex’- for purposes of Rule 11 may be thought of as relatively straightforward. I suggest, however, that for a defendant who is foregoing his or her right to trial by pleading guilty, there is no such thing as a “simple” offense.
In order to properly decide whether to enter a guilty plea, with or without a plea agreement, a defendant needs to know, or at least understand, many things. Among these are the elements of the offense to which he is pleading guilty. Only by knowing what the government has to prove at trial can a defendant make sense of the relationship between law and fact, i.e., understand the nature of the charge, see Fed. R. Civ. P. 11(b)(1)(G), and knowingly decide whether a guilty plea is the best option. As we have said, a “defendant does not receive ‘real notice’ of the nature of the charge against him unless he is informed of the elements of the charged offense.” United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). Not surprisingly, the benchbook prepared by the Federal Judicial Center provides that during a Rule 11 plea colloquy the district court should after summarizing the charges, “further explain the essential elements of the offense, i.e., what the government would be required to prove a trial.” Federal Judicial Center, Benchbook for U.S. District Judges § O.l (4th ed. March 2013).
Unlike the court, I am not sure that aggravated identify theft, see 18 U.S.C. § 1028A, is an offense whose elements are apparent to the uninitiated. For example, it is not enough for a defendant to have transferred, possessed, or used the means of identification of another person. Such conduct must also have been “during and in relation to” a predicate felony identified in the statute, and it is not self-evident which felonies Congress chose to make predicates for the crime of aggravated identity theft. Mr. Presendieu, and the sys.tem. we are charged with administering, would have been better served with an explanation of the elements , of aggravated identity theft. Nevertheless,- the court is correct that Mr. . Presendieu has not established plain error, see, e.g., United States v. Moriarty, 429 F.3d 1012, 1018-20 (11th Cir. 2005), and I therefore concur in its judgment on his claim.